An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
CHARLES H. ODGERS., BAR NO. 8596.

No. 61441

**FILED**

JUN 2 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Charles H. Odgers. Under the agreement, Odgers admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 7.1 (communications concerning a lawyer's services), RPC 7.2 (advertising), RPC 7.2A (advertising filing requirements), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(c) (misconduct).

The agreement provides for a public reprimand and a two-year suspension, with the suspension stayed pending compliance with the conditions that Odgers (1) is prohibited from engaging in the private practice of law during the two-year period, with the exception of his representation in *Liberty Site Control v. Quon*; (2) obtain a mentor approved by the state bar, who is responsible for submitting semi-annual reports to bar counsel for the two-year period; (3) promptly comply with all requests for information from the state bar; (4) refrain from engaging in any activity which results in public discipline during the term of his

14-20439

probation; (5) pay restitution totaling $3,900 to three former clients as set forth in the agreement; and (6) pay the costs of the disciplinary proceedings in the instant matter.

Based on our review of the record, we conclude that the plea agreement should be approved. *See* SCR 113(1). Accordingly, Odgers is hereby suspended from the practice of law in Nevada for two years from the date of this order; that suspension is stayed subject to Odgers' compliance with the conditions set forth above.[1] The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                          Hardesty

_____, J.        _____, J.
Parraguirre                                        Douglas

_____, J.
Cherry

---

[1]We note that Odgers has already been publicly reprimanded pursuant to the panel's recommendation.

cc: David Clark, Bar Counsel
Michael J. Warhola, LLC
Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SAITTA, J., dissenting:

I respectfully dissent. I am concerned that the condition prohibiting Odgers from engaging in the private practice of law during his stayed suspension does not sufficiently protect the public and the integrity of the bar. *See In re Discipline of Schaefer*, 117 Nev. 496, 518-19, 25 P.3d 191, 206 (2001). Odgers admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 3.2 (expediting litigation), among others, as well as to repeatedly failing to communicate with the State Bar regarding client grievances. The record demonstrates that Odgers inadequately represented numerous clients: he failed to ever even meet with some of the clients who engaged his services, became unresponsive in the midst of representing others, and failed to prepare and file necessary documents.

The prohibition on Odgers engaging in the *private* practice of law was designed to allow Odgers to act as a deputy public defender in a rural part of the state. As noted by bar counsel in explaining this condition to the panel, there is a sincere need in the rural areas of this state for lawyers who will represent indigent persons in criminal matters. However, such persons need and deserve adequate, focused representation as much as any clients. I recognize that Odgers's stayed suspension is designed to work as an incentive for him to provide zealous representation for the clients he represents through the public defender's office, but it is incongruent to prevent him from engaging in the private practice of law, presumably to protect potential clients who have the ability to choose and the means to pay for an attorney, while allowing him to represent a vulnerable population with the most serious interests at stake. In light of

this incongruity, I would reject the conditional guilty plea agreement and remand for further proceedings before the panel.

_____ , J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A